DAVENÉ D. WALKER
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044–7611
Telephone:  (202) 353-9213
Facsimile:  (202) 305–0506
davene.walker@usdoj.gov

RICKEY D. TURNER, JR.
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1373
Facsimile:  (303) 844-1350
rickey.turner@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 3:19-cv-00216-JWS |
| DAVID BERNHARDT, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Federal Defendants, David Bernhardt, in his official capacity as Secretary of

the U.S. Department of the Interior, the U.S. Department of the Interior, and the U.S. Fish and Wildlife Service (collectively, "Federal Defendants"), by and through the undersigned attorneys, answer the claims and allegations in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief as follows:

1. The allegations in paragraph 1 constitute Plaintiffs' characterization of the action, to which no response is required. To the extent they may be deemed factual allegations, they are denied.

2. The allegations in the first sentence of paragraph 2 characterize the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and King Cove Corporation ("KCC"), which is the best evidence of its contents. To the extent the allegations are inconsistent with that agreement, they are denied. The allegations in the second sentence of paragraph 2 constitute Plaintiff's characterization of the action, to which no response is required. To the extent they may be deemed factual allegations, they are denied.

3. The allegations in paragraph 3 are conclusions of law, to which no response is required. To the extent that any response is required, Federal Defendants deny the allegations.

4. The allegations in paragraph 4 are conclusions of law, to which no response is required. To the extent that any response is required, Federal Defendants deny the allegations.

5. The allegations in paragraph 5 constitute Plaintiffs' characterization of the relief being sought, to which no response is required. To the extent they may be deemed factual allegations, Federal Defendants deny that Plaintiffs are entitled to the relief they seek.

6. The allegations in paragraph 6 are conclusions of law, to which no response is required.

7. The allegations in paragraph 7 are conclusions of law, to which no response is required.

8. The allegations in the first sentence of paragraph 8 are conclusions of law, to which no response is required. Federal Defendants admit that Plaintiffs attached a letter dated August 7, 2019, to their First Amended Complaint as Exhibit A and aver that this letter is the best evidence of its content. To the extent the allegations in paragraph 8 are inconsistent with that letter, they are denied. The remainder of the allegations in paragraph 8 are denied.

9. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and, on that basis, deny the allegations.

10. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and, on that basis, deny the allegations.

11.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, on that basis, deny the allegations.

12.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, deny the allegations.

13.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, deny the allegations.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and, on that basis, deny the allegations.

15.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and, on that basis, deny the allegations.

16.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, on that basis, deny the allegations.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and, on that basis, deny the allegations.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and, on that basis, deny the allegations.

19.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and, on that basis, deny the allegations.

20.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 and, on that basis, deny the allegations.

21.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, on that basis, deny the allegations.  To the extent that Plaintiffs are alleging that Federal Defendants' actions harm Plaintiffs' interests, such allegations are denied.

22.     Federal Defendants deny the allegations in paragraph 22.

23.     The allegations in the first, second, and third sentences of paragraph 23 characterize the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, which is the best evidence of its contents.  To the extent the

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.,*
Case No. 3:19-cv-00216-JWS                                                                      5

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 5 of 43

allegations are inconsistent with that agreement, they are denied. Federal Defendants deny the allegations in the fourth sentence of paragraph 23.

24. Federal Defendants deny the allegations in paragraph 24.

25. Federal Defendants admit the allegations in paragraph 25.

26. Federal Defendants admit the allegations in paragraph 26.

27. Federal Defendants admit the allegations in paragraph 27.

28. The allegations in paragraph 28 consist of Plaintiffs' characterization of and a quotation from Alaska National Interest Lands Conservation Act ("ANILCA"), to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 28 are inconsistent with that statute, they are denied.

29. The allegations in paragraph 29 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 29 are inconsistent with that statute, they are denied.

30. The allegations in paragraph 30 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 30 are inconsistent with that statute, they are denied.

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 6 of 43

31.     The allegations in paragraph 31 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 31 are inconsistent with that statute, they are denied.

32.     The allegations in paragraph 32 consist of Plaintiffs' characterization of the legislative history of ANILCA, to which no response is required. Federal Defendants aver that the legislative history is the best evidence of its content. To the extent the allegations in paragraph 32 are inconsistent with that legislative history, they are denied.

33.     The allegations in paragraph 33 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 33 are inconsistent with that statute, they are denied.

34.     The allegations in paragraph 34 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 34 are inconsistent with that statute, they are denied.

35.     The allegations in paragraph 35 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 7 of 43

is the best evidence of its content. To the extent the allegations in paragraph 35 are inconsistent with that statute, they are denied.

36. The allegations in paragraph 36 consist of Plaintiffs' characterization of Alaska Native Claims Settlement Act ("ANCSA"), to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 36 are inconsistent with that statute, they are denied.

37. The allegations in paragraph 37 consist of Plaintiffs' characterization of and a quotation from ANCSA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 37 are inconsistent with that statute, they are denied.

38. The allegations in paragraph 38 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 38 are inconsistent with that statute, they are denied.

39. The allegations in paragraph 39 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 39 are inconsistent with that statute, they are denied.

40.     The allegations in paragraph 40 consist of Plaintiffs' characterization of and a quotation from the Wilderness Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 40 are inconsistent with that statute, they are denied.

41.     The allegations in paragraph 41 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 41 are inconsistent with that statute, they are denied.

42.     The allegations in paragraph 42 consist of Plaintiffs' characterization of and a quotation from the National Wildlife Refuge System Administration Act, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 42 are inconsistent with that statute, they are denied.

43.     The allegations in paragraph 43 consist of Plaintiffs' characterization of and a quotation from the implementing regulations of the National Environmental Policy Act ("NEPA"), to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 43 are inconsistent with those regulations, they are denied.

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 9 of 43

44.     The allegations in paragraph 44 consist of Plaintiffs' characterization of NEPA and a quotation from its implementing regulations, to which no response is required.  Federal Defendants aver that the regulations are the best evidence of their content.  To the extent the allegations in paragraph 44 are inconsistent with those regulations, they are denied.

45.     The allegations in paragraph 45 consist of Plaintiffs' characterization of the Administrative Procedure Act ("APA"), to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 45 are inconsistent with that statute, they are denied.

46.     The allegations in paragraph 46 consist of Plaintiffs' characterization of and a quotation from the APA, to which no response is required.  Federal Defendants aver that the statute is the best evidence of its content.  To the extent the allegations in paragraph 46 are inconsistent with that statute, they are denied.

47.     The allegations in paragraph 47 consist of Plaintiffs' characterization of and quotations from legal cases, to which no response is required.  Federal Defendants aver that those cases are the best evidence of their content.  To the extent the allegations in paragraph 47 are inconsistent with those cases, they are denied.

48.     The allegations in paragraph 48 consist of Plaintiffs' characterization of and a quotation from the Endangered Species Act ("ESA"), to which no response is

required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 48 are inconsistent with that statute, they are denied.

49. The allegations in paragraph 49 consist of Plaintiffs' characterization of an implementing regulation of the ESA, to which no response is required. Federal Defendants aver that the regulation is the best evidence of its content. To the extent the allegations in paragraph 49 are inconsistent with that regulation, they are denied.

50. The allegations in paragraph 50 consist of Plaintiffs' characterization of and a quotation from the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 50 are inconsistent with that statute, they are denied.

51. The allegations in paragraph 51 consist of Plaintiffs' characterization of and quotations from the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 51 are inconsistent with that statute, they are denied.

52. The allegations in paragraph 52 consist of quotations from implementing regulations of the ESA, to which no response is required. Federal Defendants aver that the regulations are the best evidence of their content. To the extent the allegations in paragraph 52 are inconsistent with those regulations, they are denied.

53.     The allegations in paragraph 53 consist of a quotation from an implementing regulation of the ESA, to which no response is required.  Federal Defendants aver that the regulation is the best evidence of its content.  To the extent the allegations in paragraph 53 are inconsistent with that regulation, they are denied.

54.     The allegations in paragraph 54 consist of Plaintiffs' characterization of and a quotation from a legal case, to which no response is required.  Federal Defendants aver that the case is the best evidence of its content.  To the extent the allegations in paragraph 54 are inconsistent with that case, they are denied.

55.     The allegations in paragraph 55 consist of Plaintiffs' characterization of an implementing regulation of the ESA, to which no response is required.  Federal Defendants aver that the regulation is the best evidence of its content.  To the extent the allegations in paragraph 55 are inconsistent with that regulation, they are denied.

56.     Federal Defendants admit the allegations in paragraph 56.

57.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first sentence of paragraph 57. The allegations in the second sentence of paragraph 57 are Plaintiffs' characterization of and a quotation from Public Land Order 2216, to which no response is required.  Federal Defendants aver that the order is the best evidence of its content. The allegations in the third sentence of paragraph 57 are Plaintiffs' characterization of and a quotation from a press release from December 7, 1960, to

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                      12

which no response is required. Federal Defendants aver that the press release is the best evidence of its content, which speaks for itself and is the best evidence of its own content. To the extent the allegations in Paragraph 57 are inconsistent with these referenced documents, they are denied.

58. The allegations in paragraph 58 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 58 are inconsistent with that statute, they are denied.

59. The allegations in paragraph 59 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 59 are inconsistent with that statute, they are denied.

60. The allegations in paragraph 60 consist of Plaintiffs' characterization of and a quotation from the legislative history of ANILCA at H.R. REP. No. 96-97, to which no response is required. Federal Defendants aver that the legislative history is the best evidence of its content. To the extent the allegations in paragraph 60 are inconsistent with that legislative history, they are denied.

61. Federal Defendants admit that Izembek is a migratory bird staging and wintering habitat and that millions of migratory waterfowl and shorebirds use its

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 13 of 43

coastal lagoons and freshwater wetlands complex. Federal Defendants deny the remaining allegations in paragraph 61.

62.     Federal Defendants admit that the wetlands and marine waters in and near Izembek include habitat for migratory birds, such as the Steller's eider, and several species of marine mammals, including the northern sea otter and the Steller sea lion.

63.     The allegations in paragraph 63 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 63 are inconsistent with that EIS, they are denied.

64.     The allegations in paragraph 64 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 64 are inconsistent with that EIS, they are denied.

65.     Federal Defendants admit the allegations in paragraph 65.

66.     The allegations in paragraph 66 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 14 of 43

evidence of its content.  To the extent the allegations in paragraph 66 are inconsistent with that EIS, they are denied.

67.     Federal Defendants admit that Izembek provides brown bear, wolf, and caribou habitat.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations as stated in the second sentence of Paragraph 67 and on that basis denies the allegations.

68.     The allegations in paragraph 68 consist of Plaintiffs' characterization of 1986 designation and a quotation from a 1989 letter, to which no response is required.  Federal Defendants aver that the designation and letter are the best evidence of their content.  To the extent the allegations in paragraph 68 are inconsistent with the referenced documents, they are denied.

69.     Federal Defendants admit the allegations in paragraph 69.

70.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 70 and on that basis denies the allegations.

71.     The allegations in paragraph 71 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 71 are inconsistent with that plan and EIS, they are denied.

72.     The allegations in paragraph 72 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 72 are inconsistent with that plan and EIS, they are denied.

73.     The allegations in paragraph 73 consist of Plaintiffs' characterization of and quotations from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 73 are inconsistent with that plan and EIS, they are denied.

74.     The allegations in paragraph 74 consist of Plaintiffs' characterization of and a quotation from the Bristol Bay Regional Management Plan and Final EIS from 1985, to which no response is required.  Federal Defendants aver that the plan and EIS are the best evidence of their content.  To the extent the allegations in paragraph 74 are inconsistent with that plan and EIS, they are denied.

75.     Federal Defendants admit the allegations in Paragraph 75.

76.     Federal Defendants admit that in 1997 KCC offered to exchange KCC lands near Kinzarof Lagoon for a road easement from the Fish and Wildlife Service and that the Service declined the offer due to impacts to wildlife.

77.     Federal Defendants admit the allegations in the first, second, and fifth sentences of paragraph 77.  Federal Defendants deny the allegations in the third sentence.  Federal Defendants admit the allegations in the fourth sentence of paragraph 77, except for the allegation in the parenthetical which Federal Defendants deny.

78.     The allegations in paragraph 78 consist of Plaintiffs' characterization of and quotations from the March 1998 Land Protection Plan for Izembek National Wildlife Refuge Complex, Cold Bay, to which no response is required.  Federal Defendants aver that the plan is the best evidence of its content.  To the extent the allegations in paragraph 78 are inconsistent with that plan, they are denied.

79.     Federal Defendants admit the allegations in paragraph 79.

80.     Federal Defendants admit the allegations in paragraph 80.

81.     Federal Defendants admit that the hovercraft operations were suspended in or around 2010 and that the hovercraft was sold.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 81 and, on that basis, deny the allegations.

82.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 82 and, on that basis, deny the allegations.

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.,*
Case No. 3:19-cv-00216-JWS                                                                17

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 17 of 43

83. Federal Defendants admit the allegations in paragraph 83.

84. The allegations in paragraph 84 consist of Plaintiffs' characterization of the Omnibus Public Lands Management Act ("OPLMA"), to which no response is required. Federal Defendants aver that the act is the best evidence of its content. To the extent the allegations in paragraph 84 are inconsistent with that act, they are denied.

85. The allegations in paragraph 85 consist of Plaintiffs' characterization of the OPLMA, to which no response is required. Federal Defendants aver that the act is the best evidence of its content. To the extent the allegations in paragraph 85 are inconsistent with that act, they are denied.

86. The allegations in paragraph 86 consist of Plaintiffs' characterization of the OPLMA, to which no response is required. Federal Defendants aver that the act is the best evidence of its content. To the extent the allegations in paragraph 86 are inconsistent with that act, they are denied.

87. Federal Defendants admit the allegations in paragraph 87.

88. The allegations in paragraph 88 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 88 are inconsistent with that EIS, they are denied.

89.     The allegations in paragraph 89 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 89 are inconsistent with that EIS, they are denied.

90.     The allegations in paragraph 90 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that these documents are the best evidence of their content. To the extent the allegations in paragraph 90 are inconsistent with those documents, they are denied.

91.     The allegations in paragraph 91 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that these documents are the best evidence of their content. To the extent the allegations in paragraph 91 are inconsistent with those documents, they are denied.

92.     The allegations in the first sentence of paragraph 92 consist of Plaintiffs' characterization of the Biological Assessment and Project Description and Effects Analysis for the Izembek National Wildlife Refuge Land Exchange/Road Corridor

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 19 of 43

Final EIS, to which no response is required. Federal Defendants aver that these documents are the best evidence of their content. To the extent the allegations in the first sentence of paragraph 92 are inconsistent with those documents, they are denied. Federal Defendants admit that no further action was taken concerning the 2013 Biological Assessment once it was completed.

93.     The allegations in paragraph 93 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Final EIS, to which no response is required. Federal Defendants aver that the EIS is the best evidence of its content. To the extent the allegations in paragraph 93 are inconsistent with that EIS, they are denied.

94.     The allegations in paragraph 94 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 94 are inconsistent with that Record of Decision, they are denied.

95.     The allegations in paragraph 95 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                                 20

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 20 of 43

of Decision is the best evidence of its content. To the extent the allegations in paragraph 95 are inconsistent with that Record of Decision, they are denied.

96.     The allegations in paragraph 96 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 96 are inconsistent with that Record of Decision, they are denied.

97.     The allegations in paragraph 97 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 97 are inconsistent with that Record of Decision, they are denied.

98.     The allegations in paragraph 98 consist of Plaintiffs' characterization of the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 98 are inconsistent with that Record of Decision, they are denied.

99.    The allegations in paragraph 99 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 99 are inconsistent with that Record of Decision, they are denied.

100.    The allegations in paragraph 100 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 100 are inconsistent with that Record of Decision, they are denied.

101.    The allegations in paragraph 101 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required.  Federal Defendants aver that the Record of Decision is the best evidence of its content.  To the extent the allegations in paragraph 101 are inconsistent with that Record of Decision, they are denied.

102.    The allegations in paragraph 102 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road

Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 102 are inconsistent with that Record of Decision, they are denied.

103.	The allegations in paragraph 103 consist of Plaintiffs' characterization of and a quotation from the Izembek National Wildlife Refuge Land Exchange/Road Corridor Record of Decision, to which no response is required. Federal Defendants aver that the Record of Decision is the best evidence of its content. To the extent the allegations in paragraph 103 are inconsistent with that Record of Decision, they are denied.

104.	Federal Defendants admit the allegations in paragraph 104.

105.	Federal Defendants admit the allegations in paragraph 105.

106.	Federal Defendants admit the allegations in paragraph 106.

107.	The allegations in paragraph 107 consist of a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required. Federal Defendants aver that the workbook is the best evidence of its content. To the extent the allegations in paragraph 107 are inconsistent with that workbook, they are denied.

108. The allegations in paragraph 108 consist of Plaintiffs' characterization of and a quotation from the Minimum Requirements Decision Guide Workbook, Project Title: Proposed King Cove-Cold Bay Road Corridor Engineering Reconnaissance, to which no response is required. Federal Defendants aver that the workbook is the best evidence of its content. To the extent the allegations in paragraph 108 are inconsistent with that workbook, they are denied.

109. Federal Defendants admit the allegations in paragraph 109.

110. The allegations in paragraph 110 consist of a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 110 are inconsistent with that agreement, they are denied.

111. The allegations in paragraph 111 consist of conclusions of law and a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 111 are inconsistent with that agreement, they are denied.

112. The allegations in paragraph 112 consist of a quotation from the January 22, 2018 "Agreement for the Exchange of Lands" between Secretary Zinke

and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 112 are inconsistent with that agreement, they are denied.

113. The allegations in paragraph 113 consist of Plaintiffs' characterization of an Amici Curiae brief, to which no response is required. Federal Defendants aver that the brief is the best evidence of its content. To the extent the allegations in paragraph 113 are inconsistent with that brief, they are denied.

114. Federal Defendants admit the allegations in paragraph 114.

115. Federal Defendants admit the allegations in paragraph 115.

116. Federal Defendants admit that the Bureau of Land Management conducted a cadastral survey for the land to be exchanged with KCC from approximately July 11-17, 2018.

117. The allegations in paragraph 117 consist of Plaintiffs' characterization of and a quotation from a July 12, 2018 memo to file from Mitch Ellis, to which no response is required. Federal Defendants aver that the memo is the best evidence of its content. To the extent the allegations in paragraph 117 are inconsistent with that memo, they are denied.

118. The allegations in paragraph 118 consist of Plaintiffs' characterization of and a quotation from a July 12, 2018 memo to file from Mitch Ellis, to which no response is required. Federal Defendants aver that the memo is the best evidence of

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 25 of 43

its content.  To the extent the allegations in paragraph 118 are inconsistent with that memo, they are denied.

119.    The allegations in paragraph 119 consist of Plaintiffs' characterization of and a quotation from a Fish and Wildlife Service Statement of Compliance, to which no response is required.  Federal Defendants aver that the document is the best evidence of its content.  To the extent the allegations in paragraph 119 are inconsistent with that document, they are denied.

120.    Federal Defendants admit the allegations in paragraph 120.

121.    The allegations in paragraph 121 consist of Plaintiffs' characterization of the BLM's notice of filing plats of survey, to which no response is required. Federal Defendants aver that the notice is the best evidence of its content.  To the extent the allegations in paragraph 121 are inconsistent with that notice, they are denied.

122.    The allegations in paragraph 122 consist of Plaintiffs' characterization of the environmental groups' protest of the survey plats, to which no response is required.  Federal Defendants aver that the protest is the best evidence of its content. To the extent the allegations in paragraph 122 are inconsistent with that protest, they are denied.

123.    The allegations in paragraph 123 consist of Plaintiffs' characterization of the environmental groups' protest of the survey plats, to which no response is

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 26 of 43

required.  Federal Defendants aver that the protest is the best evidence of its content. To the extent the allegations in paragraph 123 are inconsistent with that protest, they are denied.

124.    Federal Defendants admit that the Bureau of Land Management dismissed the protest on March 11, 2019, after finding that the basis for the protest was unfounded and filed the survey.

125.    Federal Defendants admit the allegations in Paragraph 125.

126.    The allegations in paragraph 126 consist of Plaintiffs' characterization of this Court's Order on summary judgment, to which no response is required. Federal Defendants aver that the Order is the best evidence of its content.  To the extent the allegations in paragraph 126 are inconsistent with that Order, they are denied.

127.    The allegations in paragraph 127 consist of Plaintiffs' characterization of this Court's Order on summary judgment, to which no response is required. Federal Defendants aver that the Order is the best evidence of its content.  To the extent the allegations in paragraph 127 are inconsistent with that Order, they are denied.

128.    The allegations in paragraph 128 consist of Plaintiffs' characterization of this Court's Order on summary judgment, to which no response is required. Federal Defendants aver that the Order is the best evidence of its content.  To the

extent the allegations in paragraph 128 are inconsistent with that Order, they are denied.

129.    The allegations in paragraph 129 consist of Plaintiffs' characterization of this Court's Order on summary judgment, to which no response is required. Federal Defendants aver that the Order is the best evidence of its content.  To the extent the allegations in paragraph 129 are inconsistent with that Order, they are denied.

130.    Federal Defendants admit the allegations in paragraph 130.

131.    The allegations in paragraph 131 consist of Plaintiffs' characterization of a letter from KCC to Secretary Bernhardt, to which no response is required. Federal Defendants aver that the letter is the best evidence of its content.  To the extent the allegations in paragraph 131 are inconsistent with that letter, they are denied.

132.    Federal Defendants admit the allegations in paragraph 132.

133.    Federal Defendants admit the allegations in paragraph 133.

134.    Federal Defendants admit the allegations in paragraph 134.

135.    The allegations in paragraph 135 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required.  Federal Defendants aver that the

agreement is the best evidence of its content. To the extent the allegations in paragraph 135 are inconsistent with that agreement, they are denied.

136. Federal Defendants admit the allegations in paragraph 136.

137. The allegations in paragraph 137 consist of Plaintiffs' characterization of a July 23, 2019 article, to which no response is required. Federal Defendants aver that the article is the best evidence of its content. To the extent the allegations in paragraph 137 are inconsistent with that article, they are denied.

138. The allegations in paragraph 138 are conclusions of law, to which no response is required.

139. The allegations in paragraph 139 consist of Plaintiffs' characterization of and a quotation from the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 139 are inconsistent with that agreement, they are denied.

140. The allegations in paragraph 140 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 140 are inconsistent with that agreement, they are denied.

141.    The allegations in paragraph 141 consist of Plaintiffs' characterization of and a quotation from the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 141 are inconsistent with that agreement, they are denied.

142.    The allegations in paragraph 142 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC and of the ANCSA, to which no response is required.  Federal Defendants aver that the agreement and the statute are the best evidence of their content.  To the extent the allegations in paragraph 142 are inconsistent with that agreement or that statute, they are denied.

143.    The allegations in paragraph 143 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required.  Federal Defendants aver that the agreement is the best evidence of its content.  To the extent the allegations in paragraph 143 are inconsistent with that agreement, they are denied.

144.    The allegations in paragraph 144 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required.  Federal Defendants aver that the

agreement is the best evidence of its content. To the extent the allegations in paragraph 144 are inconsistent with that agreement, they are denied.

145. The allegations in paragraph 145 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 145 are inconsistent with that agreement, they are denied.

146. The allegations in paragraph 146 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 146 are inconsistent with that agreement, they are denied.

147. The allegations in paragraph 147 consist of Plaintiffs' characterization of and a quotation from the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 147 are inconsistent with that agreement, they are denied.

148. The allegations in paragraph 148 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                                 31

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 31 of 43

agreement is the best evidence of its content.  To the extent the allegations in paragraph 148 are inconsistent with that agreement, they are denied.

149.    The allegations in paragraph 149 consist of Plaintiffs' characterization of the 2019 memorandum from Secretary Bernhardt, to which no response is required.  Federal Defendants aver that the memorandum is the best evidence of its content.  To the extent the allegations in paragraph 149 are inconsistent with that memorandum, they are denied.

150.    The allegations in paragraph 150 consist of Plaintiffs' characterization of the 2019 memorandum from Secretary Bernhardt, to which no response is required.  Federal Defendants aver that the memorandum is the best evidence of its content.  To the extent the allegations in paragraph 150 are inconsistent with that memorandum, they are denied.

151.    The allegations in paragraph 151 consist of Plaintiffs' characterization of the 2019 memorandum from Secretary Bernhardt, to which no response is required.  Federal Defendants aver that the memorandum is the best evidence of its content.  To the extent the allegations in paragraph 151 are inconsistent with that memorandum, they are denied.

152.    The allegations in paragraph 152 consist of Plaintiffs' characterization of the 2019 memorandum from Secretary Bernhardt, to which no response is required.  Federal Defendants aver that the memorandum is the best evidence of its

content. To the extent the allegations in paragraph 152 are inconsistent with that memorandum, they are denied.

153. The allegations in paragraph 153 consist of Plaintiffs' characterization of and a quotation from the 2019 memorandum from Secretary Bernhardt, to which no response is required. Federal Defendants aver that the memorandum is the best evidence of its content. To the extent the allegations in paragraph 153 are inconsistent with that memorandum, they are denied.

154. The allegations in paragraph 154 consist of Plaintiffs' characterization of and a quotation from the 2019 memorandum from Secretary Bernhardt, to which no response is required. Federal Defendants aver that the memorandum is the best evidence of its content. To the extent the allegations in paragraph 154 are inconsistent with that memorandum, they are denied.

155. The allegations in paragraph 155 consist of Plaintiffs' characterization of and a quotation from the 2019 memorandum from Secretary Bernhardt, to which no response is required. Federal Defendants aver that the memorandum is the best evidence of its content. To the extent the allegations in paragraph 155 are inconsistent with that memorandum, they are denied.

156. The allegations in paragraph 156 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 33 of 43

agreement is the best evidence of its content. To the extent the allegations in paragraph 156 are inconsistent with that agreement, they are denied.

157. The allegations in paragraph 157 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 157 are inconsistent with that agreement, they are denied.

158. The allegations in paragraph 158 consist of Plaintiffs' characterization of the 2019 memorandum from Secretary Bernhardt, to which no response is required. Federal Defendants aver that the memorandum is the best evidence of its content. To the extent the allegations in paragraph 158 are inconsistent with that memorandum, they are denied.

159. The allegations in paragraph 159 are conclusions of law, to which no response is required.

160. The allegations in paragraph 160 are conclusions of law, to which no response is required.

161. The allegations in paragraph 161 are conclusions of law, to which no response is required.

162. The allegations in paragraph 162 are conclusions of law, to which no response is required.

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                                34

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 34 of 43

163. The allegations in paragraph 163 consist of Plaintiffs' characterization of their August 7, 2019 written notice, to which no response is required. Federal Defendants aver that the notice is the best evidence of its content. To the extent the allegations in paragraph 163 are inconsistent with that notice, they are denied.

164. Federal Defendants admit that the Secretary did not consult with Fish and Wildlife Service or National Marine Fisheries Service on the potential impacts of the land exchange but deny that the Secretary was not required to do so.

165. In response to paragraph 165, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 164.

166. The allegations in paragraph 166 are conclusions of law, to which no response is required.

167. The allegations in paragraph 167 are conclusions of law, to which no response is required.

168. Federal Defendants admit that previously the Department of the Interior and Fish and Wildlife Service have declined to exchange lands in Izembek but deny the remaining allegations in paragraph 168.

169. Federal Defendants admit the allegations in paragraph 169.

170. The allegations in paragraph 170 consist of Plaintiffs' characterization of and quotations from legal cases, to which no response is required. Federal

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 35 of 43

Defendants aver that those cases are the best evidence of their content. To the extent the allegations in paragraph 170 are inconsistent with those cases, they are denied.

171.   Federal Defendants deny the allegations in paragraph 171.

172.   Federal Defendants deny the allegations in paragraph 172.

173.   Federal Defendants deny the allegations in paragraph 173.

174.   In response to paragraph 174, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 173.

175.   The allegations in paragraph 175 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 175 are inconsistent with that statute, they are denied.

176.   Federal Defendants deny the allegations in paragraph 176.

177.   Federal Defendants deny the allegations in paragraph 177.

178.   In response to paragraph 178, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 177.

179.   The allegations in paragraph 179 consist of Plaintiffs' characterization of and a quotation from ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 179 are inconsistent with that statute, they are denied.

180. The allegations in paragraph 180 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 180 are inconsistent with that statute, they are denied.

181. The allegations in paragraph 181 consist of Plaintiffs' characterization of ANILCA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 181 are inconsistent with that statute, they are denied.

182. Federal Defendants admit the allegations in paragraph 182.

183. The allegations in paragraph 183 consist of Plaintiffs' characterization of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 183 are inconsistent with that agreement, they are denied.

184. Federal Defendants admit that the 2019 "Agreement for the Exchange of Lands" was not executed following the procedures set out in Title XI of ANILCA and aver that Title XI of ANILCA is inapplicable.

185. Federal Defendants admit that the President has not acted pursuant to Title XI of ANILCA with respect to the "Agreement for the Exchange of Lands" and aver that Title XI of ANILCA is inapplicable.

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 37 of 43

186. Federal Defendants admit the allegations in paragraph 186 and aver that Title XI of ANILCA is inapplicable.

187. The allegations in paragraph 187 are conclusions of law, to which no response is required.

188. The allegations in paragraph 188 are conclusions of law, to which no response is required.

189. The allegations in paragraph 189 are conclusions of law and consist of Plaintiffs' characterization of and a quotation from ANILCA and its implementing regulations, to which no response is required. Federal Defendants aver that the statute and regulations are the best evidence of their content. To the extent the allegations in paragraph 189 are inconsistent with that statute, they are denied.

190. In response to paragraph 190, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 189.

191. The allegations in paragraph 191 consist of Plaintiffs' characterization of and a quotation from NEPA and its implementing regulations, to which no response is required. Federal Defendants aver that the statute and regulations are the best evidence of their content. To the extent the allegations in paragraph 191 are inconsistent with that statute, they are denied.

192. The allegations in paragraph 192 are conclusions of law, to which no response is required.

193. The allegations in paragraph 193 consist of Plaintiffs' characterization of and a quotation from the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 193 are inconsistent with that agreement, they are denied.

194. The allegations in paragraph 194 are conclusions of law, to which no response is required.

195. The allegations in paragraph 195 are conclusions of law, to which no response is required.

196. In response to paragraph 196, Federal Defendants restate and incorporate by reference their responses to paragraphs 1 through 195.

197. The allegations in paragraph 197 consist of Plaintiffs' characterization of the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 197 are inconsistent with that statute, they are denied.

198. The allegations in paragraph 198 consist of Plaintiffs' characterization of the ESA, to which no response is required. Federal Defendants aver that the statute is the best evidence of its content. To the extent the allegations in paragraph 198 are inconsistent with that statute, they are denied.

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                                     39

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 39 of 43

199. The allegations in paragraph 199 consist of Plaintiffs' characterization of the ESA and a quotation from a legal case, to which no response is required. Federal Defendants aver that the statute and the case are the best evidence of their content. To the extent the allegations in paragraph 199 are inconsistent with that statute or that case, they are denied.

200. The allegations in paragraph 200 consist of Plaintiffs' characterization of and a quotation from the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC, to which no response is required. Federal Defendants aver that the agreement is the best evidence of its content. To the extent the allegations in paragraph 200 are inconsistent with that agreement, they are denied.

201. Federal Defendants admit the allegations in paragraph 201.

202. The allegations in paragraph 202 are conclusions of law, to which no response is required.

203. Federal Defendants deny the allegations in paragraph 203.

The remaining paragraphs of the First Amended Complaint comprise Plaintiffs' prayer for relief and require no response. Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                    40

Case 3:19-cv-00216-JWS   Document 19   Filed 10/21/19   Page 40 of 43

## GENERAL DENIAL

All of the allegations, including any unnumbered statements, headings, and footnotes, in Plaintiffs' First Amended Complaint that have not been specifically admitted, denied, or otherwise answered are hereby denied.

## FEDERAL DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### Second Affirmative Defense

Plaintiffs have not suffered any injury as a result of the 2019 "Agreement for the Exchange of Lands" between Secretary Bernhardt and KCC; therefore, they lack standing to commence this action.

### Third Affirmative Defense

Plaintiffs' claims are not ripe for adjudication.

## PRAYER

WHEREFORE, Federal Defendants deny that Plaintiffs are entitled to the relief they pray for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Federal Defendants, and that Federal Defendants be allowed such other further relief as the Court may allow.

Dated this 21st day of October, 2019.

JEAN E. WILLIAMS
Deputy Assistant Attorney General

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                          41

Environment and Natural Resources Division

*/s/ Davené D. Walker*
DAVENÉ D. WALKER
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, DC  20044-7611
Telephone:  (202) 353-9213
Facsimile:  (202) 305–0506
davene.walker@usdoj.gov

RICKEY D. TURNER, JR.
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Telephone:  (303) 844-1373
Facsimile:  (303) 844-1350
rickey.turner@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2019, a copy of the foregoing *Federal Defendants' Answer to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Davené D. Walker*
Davené D. Walker, Trial Attorney
U.S. Department of Justice

Fed. Defs.' Answer to Pls.' First Am. Compl.
*Friends of Alaska National Wildlife Refuges, et al., v. Bernhardt, et al.*,
Case No. 3:19-cv-00216-JWS                                                                 43